

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1946 | **DATE** | 1/23/2003 |
| **CASE TITLE** | Michael Mayo vs. Warden Rick Shepard | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Mayo's petition for writ of habeas corpus is denied. Any other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 2 4 2003 date docketed | 21 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/23/2003 | |
| GL | courtroom deputy's initials | 03 JAN 23 PM 2:23 Date/time received in central Clerk's Office | date mailed notice GL mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL MAYO, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 02 C 1946 |
| ) | |
| WARDEN RICK SHEPARD, ) | |
| ) | **DOCKETED** |
| Respondent. ) | |
| | JAN 2 4 2003 |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Petitioner, Michael Mayo, is currently incarcerated at the Logan Correctional Center in Lincoln, Illinois, where he is in the custody of Warden Rick Shepard. Currently before us is Mayo's petition for writ of habeas corpus. For the following reasons, we deny Mayo's petition.

## I. BACKGROUND[1]

Petitioner was arrested on February 3, 1998, and was subsequently charged with two counts of aggravated criminal sexual assault and two counts of criminal sexual assault. On March 11, 1998, the trial court appointed a public defender to represent Mayo. The public defender entered a not-guilty plea on Mayo's behalf. On July 1, 1998, Mayo's public defender expressed Mayo's wish to demand trial and proceed *pro se*. The trial court permitted the public defender to withdraw and continued the case to July 9, 1998, on Mayo's motion, so that he could answer the State's discovery motion. On July 9, 1998, Mayo appeared in court without an answer to the State's discovery motion. Mayo said that he needed assistance in answering the discovery motion and told the court and the public defender that he could not represent himself. As a result of Mayo's representation, the trial court reappointed the public

---

[1] The following facts are taken from the parties' filings and the background section of *People v. Mayo*, 764 N.E.2d 525, 527-28 (Ill. 2002).

defender.

After a number of status dates, Mayo appeared in court on November 30, 1998, with a different public defender. Mayo informed the court that he wanted trial to be set. The public defender replied that if Mayo wanted to demand trial, he could try the case himself. The trial court asked Mayo if he wanted to represent himself or have an attorney. Defendant stated that he wanted an attorney. The public defender and the State's Attorney engaged in a discussion regarding continuing the matter until December 21, 1998. Mayo interjected and the following exchange occurred:

> [Mayo]: I would like to take back my – I'm ready at this time. I don't need her [public defender] help. She is not helping me.
>
> [Public Defender]: I just got on the case. I'd like the record to reflect I got on the case two weeks ago and spoken to his wife.
>
> [The Court]: Be back on December 21st. If you still want to represent yourself we'll go back at that time and you'll go to trial by yourself. I don't suggest it because I think it's
> . . .
>
> [Defendant]: The only reason I suggested that this woman talked to my wife, she gave the impression that she is not working on my behalf. She told my wife she already finds no reason to be here. What is she doing for me if she is telling my wife that she shouldn't be here on my behalf?
>
> [Public Defender]: I didn't tell her that.
>
> [Defendant]: Ask my wife right there.
>
> [Public Defender]: I don't want to get in the middle of this. If you want to get a private attorney or do this yourself you can.
>
> [Assistant State's Attorney]: That's by agreement?
>
> [Public Defender]: Yes.

Mayo appeared in court on December 21, 1998 with a different public defender than the one he had on November 30, 1998. Mayo told the court that he wanted to go to trial and proceed *pro se*. The trial court did not dismiss the public defender, but held the case over until December 23, 1998 so that

2

Mayo and his current public defender could discuss Mayo's self-representation. The court informed Mayo that if he still wanted to represent himself on December 23, 1998, the court would enable him to do so at that time. Mayo stated that he had made his decision and that he wished to represent himself. The court still held the matter over until December 23, 1998.

On December 23, 1998, Mayo appeared before the trial court and reasserted his desire to represent himself. The court dismissed the public defender and Mayo thereafter proceeded *pro se*. On February 18, 1999, Mayo moved to dismiss the charges against him on state speedy-trial grounds. The court denied the motion on March 29, 1999. On April 12, 1999, the court granted the State's dismissal of the two counts of criminal sexual assault against Mayo and the trial began. The jury found Mayo guilty of two counts of aggravated criminal sexual assault. The court sentenced Mayo to eight years imprisonment for each count, to run consecutively.

Mayo appealed to the Illinois Appellate Court, First District, presenting the following four claims: (1) the trial court wrongly attributed the 21-day continuance between November 30, 1998 and December 21, 1998 to Mayo, resulting in a violation of the Illinois Speedy Trial Act; (2) the trial court, in failing to remove a particular juror, denied Mayo a fair trial; (3) the jury heard inadmissable testimony; and (4) the mandatory consecutive sentencing provision under which Mayo was sentenced violated his right to due process and trial by jury. On January 18, 2001, the Appellate Court found that the trial court abused its discretion in attributing the 21-day delay to Mayo, thereby violating the Illinois Speedy Trial Act. As a result, the Appellate Court reversed Mayo's convictions. The Appellate Court did not consider the Mayo's remaining claims.

Following the Appellate Court's decision, the State filed a petition for leave to appeal to the Illinois Supreme Court, which was granted. On January 25, 2002, the Illinois Supreme Court reversed the Appellate Court's decision and remanded to that court the additional claims Mayo raised in his

appeal. On March 12, 2002, Mayo filed the instant habeas corpus petition. Mayo's petition sets forth six arguments that distill into the following two issues: (1) he was denied his constitutional right to self-representation, and (2) he was denied his statutory right to a speedy trial.

## II.   ANALYSIS

Section 2254, as amended, empowers a district court to entertain a petition for writ of habeas corpus from a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254(a). Habeas relief may be granted only if the adjudication of the claim by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). Before a court can review a habeas petition on the merits, it must conclude that the petitioner exhausted all available state remedies, and that the petitioner did not procedurally default the claims in state court. *See Moleterno v. Nelson*, 114 F.3d 629, 633-34 (7th Cir. 1997). To avoid procedural default, a state prisoner must fully and fairly present his constitutional claims in state court. *See Wilkinson v. Cowan*, 231 F.3d 347, 350 (7th Cir. 2000), *cert. denied*, 533 U.S. 928 (2001). Generally, when a state prisoner has defaulted his federal constitutional claims in state court on a state law ground that is independent and adequate to support the judgment, comity dictates that federal courts are bound by that holding. *See White v. Peters*, 990 F.2d 338, 340 (7th Cir. 1993).

Mayo first claims that he was denied his constitutional right to self-representation between November 30, 1998 and December 23, 1998. This Court reviewed Mayo's appellate briefs and the opinions of the Illinois Appellate Court and the Illinois Supreme Court. In light of that review, we find that Mayo failed to fully and fairly present this claim in state court. On appeal, Mayo claimed that the trial court wrongly attributed the 21-day continuance between November 30, 1998 and December 21,

1998 to him, thereby violating the Illinois Speedy Trial Act. It was only in the context of his speedy trial claim that Mayo asserted that he effectively waived counsel on November 30, 1998 so that the trial court should not have attributed the subsequent continuance to him. The Illinois Appellate Court reversed Mayo's conviction solely on its finding that the trial court violated Mayo's statutory right to a speedy trial. Thus, that was the "only issue on appeal" before the Illinois Supreme Court. *People v. Mayo*, 764 N.E.2d 525, 528 (Ill. 2002). Mayo's present habeas petition marks the first occasion on which Mayo has raised the claim that he was denied his constitutional right to self-representation. As a consequence, we find that claim to be procedurally defaulted.

Procedural default may be excused if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). To show that a miscarriage of justice will occur if a procedural default is not excused requires proof that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). In his petition for habeas corpus, Mayo fails to demonstrate cause for the default. Mayo similarly does not allege that he was prejudiced as a result of the trial court's alleged denial of his right to represent himself. To the contrary, on December 23, 1998, the trial court dismissed the public defender and Mayo thereafter proceeded *pro se*. Furthermore, Mayo has not presented proof that he is actually innocent and that the alleged denial of his right to self-representation from November 30, 1998 until December 23, 1998 resulted in his wrongful conviction.

Mayo secondly claims that he was denied his right to a speedy trial under the Illinois Speedy Trial Act. However, in evaluating Mayo's habeas petition, this Court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S.

62, 68 (1991). It therefore follows that claims that a state court erred in applying its own laws are not cognizable on habeas corpus review. *See Jones v. Thieret*, 846 F.2d 457, 459-61 (7th Cir. 1988). The Illinois Supreme Court ruled that the trial court did not violate the Illinois Speedy Trial Act in attributing the 21-day delay to Mayo. Mayo's present claim is therefore non-cognizable for federal habeas review.

### III. CONCLUSION

For the foregoing reasons, Mayo's petition for writ of habeas corpus is denied. It is so ordered.

MARVIN E. ASPEN

United States District Judge

Dated 1/23/03

# United States District Court
## Northern District of Illinois
### Eastern Division

Michael Mayo

v.

Warden Rick Shepard

JUDGMENT IN A CIVIL CASE

Case Number: 02 C 1946

- [ ] ~~Jury Verdict. This action came before~~ the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- [ ] Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Mayo claims that he was denied his right to a speedy trial under the Illinois Speedy Trial Act. However, in evaluating Mayo's habeas petition, this Court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of he United States." It therefore follows that claims that a state court erred in applying its own laws are not cognizable on habeas corpus review. The Illinois Supreme Court ruled that the trial court did not violate the Illinois Speedy Trail Act in attributing the 21-day delay to Mayo. Mayo's present claim is therefore non-cognizable for federal habeas review. For the foregoing reasons, Mayo's petition for writ of habeas corpus is denied.

Michael W. Dobbins, Clerk of Court

Date: 1/23/2003

Gladys Lugo, Deputy Clerk